UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Ronald Satish Emrit</u>

   v.                                               Case No. 22-cv-517-LM

<u>Special Agent in Charge of</u>
<u>FBI Field Office,</u>
<u>Southern District of New York</u>

**REPORT AND RECOMMENDATION**

Pro se plaintiff Ronald Satish Emrit, proceeding in forma pauperis, has filed a complaint (Doc. No. 1) against an unnamed Special Agent in Charge of the FBI Field Office in the Southern District of New York. The complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915.

**Standard**

This court conducts a preliminary review of complaints filed in forma pauperis. See 28 U.S.C. §1915(e)(2). Claims may be dismissed sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. In considering whether the complaint states a claim, the court determines if, stripped of legal conclusions and with all reasonable inferences construed in plaintiff's

favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In undertaking this review, the court is mindful that pro se complaints must be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

## Background

Mr. Emrit is a Florida resident. Compl. (Doc. No. 1) ¶ 9. While his complaint is sometimes difficult to follow, his legal claim -- repeated throughout each of six enumerated counts -- is based on an allegation that the New York-based defendant has committed various statutory and constitutional violations "by failing to recognize that Americans have the freedom to get married to Cuban nationals and to contact the Cuban Embassy" in Washington, D.C. Compl. (Doc. No. 1) ¶¶ 31, 33, 35, 37, 39, 41.

## Venue

Venue is appropriate in the judicial district where all the defendants reside, or where a substantial part of the events giving rise to the plaintiff's claims occurred. 28 U.S.C. § 1391(b). Where the defense of improper venue is "obvious from the face of the complaint and no further factual record is

required to be developed, the court may, sua sponte, dismiss the case." Hart v. Rowe, No. 20-cv-417-LM, 2021 WL 1581781, at *1 (D.N.H. Mar. 5, 2021) (cleaned up), R & R adopted, 2021 WL 1581013 (D.N.H. Apr. 22, 2021); see also Wilkinson v. Sec'y, Fla. Dep't of Corrs., 622 F. App'x. 805, 808-09 (11th Cir. 2015) (court may dismiss a matter, sua sponte, for defective venue, pursuant to 28 U.S.C. § 1915, after providing plaintiff with opportunity to object).

Here, the defendant is located in New York. The complaint references events only in Maryland, New York and Washington, D.C. Moreover, the complaint contains no reference whatsoever to New Hampshire. Accordingly, venue is not proper in this court. The case should be dismissed, without prejudice to plaintiff filing it in an appropriate court.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint because venue over Mr. Emrit's claims is not proper in this court. Such dismissal should be without prejudice to re-filing it in a court of proper venue.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the

3

district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal.  See id.  Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

 

_____
Andrea K. Johnstone
United States Magistrate Judge

November 21, 2022

cc: Ronald Satish Emrit, pro se